**STATE ex rel. BARNETT, Bank Com'r, et al. v. EXCHANGE NAT. BANK et al.**

No. 25166.    May 21, 1935.

M. B. Cope and E. S. Lowther, for plaintiffs in error.

Jos. L. Hull, Chas. E. Bush, and Jas. E. Bush, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Logan county, Okla., decreeing that the claim of the defendant in error, the Exchange National Bank of Tulsa, Okla., hereinafter referred to as plaintiff, was a preferred claim against the assets of the Farmers State Bank of Marshall, Okla., an insolvent banking corporation, in the hands of the plaintiffs in error, C. B. Thomas, liquidating agent, and W. J. Barnett, State Bank Commissioner, the successors in interest of the Farmers State Bank of Marshall, Okla., hereinafter referred to as the defendants.

The record discloses that the Farmers State Bank of Marshall, Okla., was insolvent, and was taken over for liquidation by W. J. Barnett, State Bank Commissioner, on December 8, 1930. C. B. Thomas was duly appointed and qualified as its liquidating agent. The plaintiff filed a petition in the district court of Logan county, Okla., alleging that special taxes had been paid on the assessments by certain property owners of the town of Marshall, Okla., in street improvement district No. 1, for the benefit of the owner and holder of the bonds, the sum of $1,712.07; which had not been disbursed to the owner and holder of the bonds; that said amount constituted a trust fund, and was held by the city treasurer of the town of Marshall, Okla., and the Farmers State Bank of Marshall, Okla., as trustee, for the benefit of the owners and holders of the improvement bonds in street improvement district No. 1, and asked judgment against the defendants in the sum of $1,712.07, and that said judgment be established as a first, prior, and superior lien upon the funds of the Farmers State Bank of Marshall, Okla., in the hands of the said W. J. Barnett, State Bank Commissioner, and C. B. Thomas, liquidating agent of the Farmers State Bank of Marshall, Okla., and that there was sufficient money in said bank when taken over to pay this claim.

The defendant the town of Marshall, Okla., filed as an answer a disclaimer.

The defendants C. B. Thomas, liquidating agent of the Farmers State Bank of Marshall, Okla., and W. J. Barnett, State Bank Commissioner, filed an answer, which was:

First. A general denial.

Second. That the funds in the Farmers State Bank of Marshall, Okla., in the account of H. D. Hearn, treasurer, paving tax district No. 1, at the time the said Bank Commissioner took possession of the assets of said bank were mixed and mingled with other funds and deposits, and were not impressed with any trust in favor of plaintiff; that all deposits made by H. D. Hearn, city treasurer, in said bank, were made as general deposits, and that the deposits were

made in pursuance of the laws of the state of Oklahoma.

Third. That the plaintiff is not a proper party, and has no cause of action against said bank, and no lien or trust impressed upon said bank, or the assets thereof, in the hands of the defendants.

To this answer the plaintiff filed a reply.

The cause was tried on oral evidence and a stipulation of facts. The material part of the oral testimony was that the city treasurer, H. D. Hearn, was directed by an ordinance of the town of Marshall, Okla., to deposit the money here in question in the Farmers State Bank of Marshall, Okla., and that H. D. Hearn had executed a bond as city treasurer, as provided by law, which was approved by the proper officers of the town.

It was stipulated that H. D. Hearn was treasurer of the town of Marshall, Okla., and also cashier of the Farmers State Bank of Marshall, Okla. The stipulation discloses that on the date the bank was taken in charge by the said Bank Commissioner, there was on deposit in the account of H. D. Hearn, city treasurer, paving tax district No. 1, the sum of $699.57, unless $1,012.50 was paid by draft No. 23291 issued by the Farmers State Bank on December 6, 1930. Draft No. 23291, supra, was made payable to the Exchange National Bank of Tulsa, Okla., and drawn on the First National Bank of Guthrie, Okla., on the funds of the Farmers State Bank of Marshall, Okla., in said bank. The draft was received by the Exchange National Bank of Tulsa, Okla., on December 9, 1930, and was in due course presented to the First National Bank of Guthrie, Okla., for payment, and was by that bank returned to the Exchange National Bank of Tulsa, Okla., unpaid by reason of the failure of the Farmers State Bank of Marshall, Okla. There was sufficient cash balance belonging to the Farmers State Bank of Marshall, Okla., in the First National Bank of Guthrie, Okla., to pay the draft. This draft was returned by the Exchange National Bank of Tulsa, Okla., to H. D. Hearn, city treasurer, and is now in possession of his successor as city treasurer. Before this draft was written the amount of money on deposit in the account in controversy was $1,712.07. There was in the Farmers State Bank of Marshall, Okla., on its default cash in excess of $1,712.07. This cash was taken over by the State Bank Commissioner on default of the bank. Whether a general account or a special ac-

count, the issuance of this draft in this case would be immaterial.

Two sections of the stipulation of facts are given in full:

"It is further stipulated and agreed that said funds so deposited were not segregated from other funds of said bank except as designated in the caption of the account under which said funds were deposited; that all of said funds so deposited in said account came into the hands of H. D. Hearn, treasurer, as collection of taxes on said assessments from the taxpayers of the town of Marshall, Okla."

"There was no agreement by and between the city treasurer, H. D. Hearn, and the officials of said Farmers State Bank to keep said funds separate or segregated from other funds in the bank."

From the stipulation of facts and the oral evidence, the court found that the town of Marshall, Okla., was not liable to the plaintiff, and sustained its disclaimer and dismissed the petition as to this defendant.

The court decreed that the plaintiff have judgment against the defendants, C. B. Thomas, as liquidating agent of the Farmers State Bank of Marshall, Okla., and W. J. Barnett, State Bank Commissioner, out of the assets of the Farmers State Bank of Marshall, Okla., in the sum of $1,712.07, with interest thereon at the rate of 6 per cent. per annum and costs, and held that the plaintiff was entitled to a preferred claim on the assets in the hands of said C. B. Thomas, liquidating agent of the Farmers State Bank of Marshall, Okla., and W. J. Barnett, State Bank Commissioner, to secure the amount decreed to be due plaintiff.

Under the general laws and the decisions of this court, the two above-quoted sections of the stipulation would preclude plaintiff from maintaining the judgment procured in this case.

To support its judgment, plaintiff asserts that the Legislature, in the enactment of the street improvement law of the state of Oklahoma, made all sums collected from special assessments a trust fund for the purpose of paying the principal and interest of the bonds issued.

The statute relied on is section 6236, O. S. 1931, which is a part of the street improvement law, and provides:

"* * * All assessments and interest, whether collected by the city or town or county treasurer, shall be paid to the city or town treasurer who shall keep the same in a separate special fund for the purpose of paying the bonds and interest coupons thereon,

issued against such assessments, and after the payment of all bonds and interest thereon, any surplus remaining in said fund shall be used for the purpose of repairing and maintaining any improvement for which assessments have been levied, and for no other purpose whatsoever."

The construction of this section of our statute determines the validity or invalidity of the judgment rendered in favor of the plaintiff. The defendants urge that the intention of the statute is to keep separate in the hands of the treasurer collections made to retire the bonds from other funds of the city, and that the owners and holders of the bonds do not have preferred claims.

A part of section 6237, O. S. 1931, provides:

"The city or town shall have the right to call in and pay said bonds or any number thereof in the following manner: Whenever there shall be sufficient funds in the hands of the city or town treasurer after the payment of all interest due and to become due within the next six (6) months, such treasurer shall on September 1 of any year give notice by registered mail addressed to the last registered holder of the bonds called, at the address appearing upon his registry that there has accumulated funds sufficient to pay the designated bonds, and interest thereon to a date thirty (30) days hence from the date of such notice, and directing the presentation of such bond or bonds for payment and cancellation and said bond or bonds will cease to bear interest after expiration of said thirty (30) days, and upon the payment and cancellation of said bond or bonds, proper entry thereof shall be made upon the books of the clerk and treasurer, and it is hereby made the duty of such city or town treasurer upon the accumulation of sufficient funds as herein provided to pay one or more bonds to so call and pay such bond or bonds, and in the event of failure so to do, he shall be liable for all such damages as may result therefrom, and the provisions hereof may be enforced by appropriate proceedings in mandamus against such treasurer."

Section 5957, O. S. 1931, provides:

"No treasurer of any city, town or village, treasurer of the board of education of any city, township treasurer, nor school district treasurer in this state, shall deposit any of the money belonging to such city, town, village, the board of education of such city, township treasurer or school district treasurer, in any bank which will not pay for such money not less than three per cent. interest on the average daily balances of all such money in said bank; provided such interest shall become a part of the funds on deposit."

Section 5958, O. S. 1931, provides:

"Any such treasurer who violates section 1 of this act, shall be guilty of a misdemeanor, and upon conviction therefor, shall be fined in the sum of not less than $50 nor more than $200, and shall be subject to removal from office."

Section 6353, O. S. 1931, provides:

"The council shall require all city officers, elected or appointed, to take and subscribe an oath of office, and to give bonds for the faithful discharge of their duties."

Section 6646, O. S. 1931, provides:

"The clerk, assessor, treasurer, marshal and justice of the peace, shall within ten days after their election or appointment each and severally give bonds payable to the town, with freehold sureties, to such an amount as the board of trustees shall direct; but the bonds of the treasurer and marshal shall, respectively, be for double the amount of the estimated tax duplicate for the current year."

Section 5957, above quoted, requiring a depository bank to pay 3 per cent. interest on deposits, precludes the idea of any special accounts. If the bank pays interest, it must have control of the money and invest it. True enough, in this particular lawsuit the bank did not pay interest. This circumstance avails nothing for the plaintiff. There was a failure to pay interest, and the failure of the treasurer to collect interest is a criminal violation under section 5958, supra.

In Shull, State Bank Com'r, et al. v. Town of Avant, 159 Okla. 271, 15 P. (2d) 49, this court, in the syllabus, held:

"The state, by requiring a town treasurer to deposit daily all uninvested sinking fund monies in his hands in some bank designated by the board of county commissioners, as a county depository and furnishing the security required by law, at not less than three per cent. interest per annum on daily realized balances (chapter 62, Session Laws 1925), indicated that it did not intend for the town to assert a right of priority in the funds of the depository bank over general depositors in the bank, where the bank had failed and its assets had been taken over by the State Bank Commissioner."

In the body of the opinion, at page 273 of 159 Okla., the court said:

"The question then presented is: Is that rule applicable to a deposit in a bank of money belonging to a sinking fund of a town made by a treasurer of an incorporated town? A town treasurer, by the provisions of section 8577, C. O. S. 1921, as amended by chapter 62, Session Laws 1925, is required each day to make a deposit of all uninvested

sinking fund money in his hands in some bank designated by the board of county commissioners as a county depository and furnishing the security required by law, at not less than three per cent. interest per annum on daily realized balances. The statute is mandatory in its terms and affords protection to town funds. When the town treasurer deposited in the bank money which he held to the credit of the sinking fund of the town of Avant, without requiring security for the deposit, he violated the plain and unambiguous provisions of the statute cited. The bank had knowledge of that violation, for it knew that it had given no security for the deposit. That bank, from time to time, paid interest on the daily balances on that account and they were credited to the account. The plaintiff now asks, not only for the return of its money, but it asks, and the trial court ordered, that it be paid the interest accruing and credited to that account on the daily balances. It thereby ratified the deposits. Interest could have been earned only by the bank investing the money. The requirement of our statute that a depository bank pay interest on the daily balances carries with it authority of the bank to invest the money in some manner intended to permit it to earn the money with which to pay the interest. A deposit in a bank of money belonging to a sinking fund of a town by the town treasurer of an incorporated town, in the absence of an agreement to the contrary, is a general deposit and not a special one. Such was the holding in Multnomah County v. Oregon Nat. Bank, 61 Fed. 912."

In Shull, Bank Com'r, et al. v. Beasley, 149 Okla. 106, 299 P. 149, it is held:

"The public policy of the state of Oklahoma, established by section 1, article 14, of the Constitution of Oklahoma, is for the protection of depositors in state banks."

In 3 R. C. L., page 521, there appears the following statement:

"In legal effect, the deposit is a loan to the bank. This is equally so whether the deposit is of trust moneys or funds which are impressed with no trust, provided the act of depositing is no misappropriation of the fund. The bank simply becomes indebted to the depositor in his fiduciary capacity."

3 R. C. L. section 150, provides:

"In the case of a special deposit, the bank assumes merely the charge or custody of property, without authority to use it, and the depositor is entitled to receive back the identical money or thing deposited. In such case, the right of property remains in the depositor, and, if the deposit is of money, the bank may not mingle it with its own funds. The relation created is that of bailor and bailee, and not that of creditor and debtor. Thus, the depositor may always guard against the effect of an insolvency of the institution by making a special deposit; that is, by depositing his money in a bag or box, or by affixing some mark upon it by which it can be distinguished from the general funds of the institution. If he does so, the bank has no right to make use of it, and officers or agents who convert it to the general purposes of the institution, without the consent of the depositor, make themselves personally liable for the same. The depositor may also follow the money into the hands of third persons who received it with a knowledge of his rights, or who have not paid an equivalent therefor in the ordinary course of business."

Section 6236, O. S. 1931, is closely analogous to the statutes with reference to the collections and deposits of sinking funds. The sinking fund account is also for the purpose of paying principal and interest on outstanding bonds. This cannot legally be expended, except for the purpose of paying the bonds and interest, and for the purpose of reinvestments which become a part of the assets of the sinking fund.

The policy of this court in recent cases has been to protect, so far as the law will allow, general depositors in the banks of this state.

Section 6236, O. S. 1931, is a mandatory direction to the city treasurer to keep the taxes collected from property owners in street improvement districts "in a separate special fund for the purpose of paying the bonds and interest coupons thereon, issued against such assessments."

As among a city or a town and the treasurer and the bondholders, a trust is established to the extent that the funds collected cannot be used for any other purpose except for the payment of the bonds.

Under the facts in this case, it is held that the special assessments so collected and deposited are a public fund for which security should have been exacted. It, therefore, follows that the plaintiff's claim is general, and not preferred.

We conclude that the judgment of the trial court is contrary to law. Therefore, that judgment is reversed. The cause is remanded to the trial court, with directions to vacate its judgment, and to enter an order denying the claim of plaintiff as a preferred claim against the funds of the defunct bank now in the hands of the said C. B. Thomas, liquidating agent of the Farmers State Bank of Marshall, Okla., and W. J. Barnett, State Bank Commissioner.

The Supreme Court acknowledges the aid of Attorneys B. F. Davis, R. S. Norvell, and Louis A. Ledbetter in the preparation of

this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davis and approved by Mr. Norvell and Mr. Ledbetter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur.